**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEFAN GEORGIEV PETRUNOV,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-01291

Judge Robert W. Gettleman

Magistrate Judge Laura K. McNally

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney licensed to practice law and am counsel of record for Plaintiff in this action. I make this declaration in support of Plaintiff's Motion for Entry of Default and Default Judgment. The statements in this declaration are based on my personal knowledge and on records I have personally reviewed, and if called as a witness I could and would testify competently to them.

2. I read, write, and speak Chinese. I personally reviewed the Chinese-language address disclosures reproduced in the exhibits to this declaration. I also personally reviewed the Chinese-language corporate-registry records described in this declaration and reflected in those exhibits, in Chinese. The Chinese-character entity names appearing in the exhibits to this declaration are the names returned by the registry or disclosed by the Defendants themselves. They are not renderings, translations, or reconstructions by me or by anyone working at my direction.

**The address searches**

3. Plaintiff's investigation began with the address that each Defendant itself disclosed to the online marketplace on which it sells. For each Defendant, the address was taken from the marketplace page that displays it, and that page was captured as an image. The address was then used exactly as disclosed, in its original script, without correction, normalization, or translation.

4. On August 11, 2026, an investigator working at my direction searched each disclosed address on three independent, publicly available resources: a Google web search, Google Maps, and Baidu Maps (百度地图). Baidu Maps is the mapping platform in general use within the People's Republic of China. The investigator recorded the result of each search in writing at the time it was made.

5. The searches could not verify any of the disclosed addresses. For twenty-two of the thirty-seven Defendants against whom Plaintiff moves (Nos. 1, 2, 8, 9, 12, 13, 15, 16, 18, 19, 23, 30, 31, 42, 45, 46, 47, 50, 51, 53, 54, and 55), the disclosed address did not resolve to the street and unit given at all, and the maps placed it no more precisely than a district, a village, or a road. For eight (Nos. 17, 21, 25, 28, 33, 34, 39, and 52), a point could be placed at the address, but it did not correspond to any business or mailing address of the Defendant. For seven (Nos. 6, 10, 20, 27, 36, 40, and 48), the search resolved only to a plaza, a shopping center, a hotel, a park, a school, or a block of commercial buildings, and never to the unit the Defendant gave. These three groups account for every Defendant against whom Plaintiff moves. On the address searches alone, and before any registry inquiry, not one of the thirty-seven disclosed addresses was verified as a real, current location connected to the Defendant that gave it.

6. Screen captures were taken of the Google web search, Google Maps, and Baidu Maps results, and of the marketplace page from which the address was taken, for each of the

Defendants covered by Exhibit A, and those images are collected, Defendant by Defendant, in Exhibit B to this declaration. Exhibit A reproduces the investigator's contemporaneous written record of each search verbatim.

7. Exhibit A to this declaration is a true and accurate summary, prepared at my direction and reviewed by me, of the disclosed address and the address-search result for each of the thirty-seven Defendants against whom Plaintiff moves. The addresses in Exhibit A are reproduced verbatim in the original script, and the search-result column reproduces verbatim the observation the investigator recorded on August 11, 2026.

8. Exhibit B to this declaration is a true and accurate compilation, assembled at my direction and reviewed by me, of the screen captures described in paragraphs 3 through 5 above. Exhibit B collects, for each of the thirty-seven Defendants against whom Plaintiff moves, the four images captured for that Defendant: the Google web search of the disclosed address, the Google Maps result, the Baidu Maps (百度地图) result, and the marketplace page from which the address was taken. Each Defendant occupies a separate page of Exhibit B, identified by its Schedule A number, the storefront name it displays, the marketplace on which it operates, and the address it disclosed, and each image is captioned with the search it records and with the file name by which that image is identified in the Screenshot exhibits column of Exhibit A. The images are reproduced as captured, without cropping, annotation, or alteration other than a reduction in resolution for electronic filing.

**The corporate-registry check**

9. On August 28, 2026, at my direction, each Defendant was checked against Tianyancha (天眼查), a Chinese corporate-registry database that reports registration data maintained by China's State Administration for Market Regulation and its local counterparts.

10. Each search was run using the verbatim business name the Defendant itself disclosed to the marketplace, entered exactly as disclosed. Romanized pinyin strings were searched as pinyin. No name was converted to Chinese characters before searching. Where a verbatim string in mixed case returned no result, the same string was searched in lower case. Only where the verbatim string and its case variant both returned no result was a secondary search run using a partial, truncated, or normalized form of the name. Every such secondary term is labeled in Exhibit C as an inference, and every conclusion resting on such a term is flagged accordingly.

11. For each entity the registry returned, the registered address of record was retrieved and compared against the address the Defendant disclosed to the marketplace. Addresses were compared for substantial alignment at the level of district, street, and building, not for character-by-character identity.

12. For every entity the registry returned, I also queried the 经营异常名录 (Abnormal Operation Register), which records administrative findings by Chinese market supervision bureaus. Where an entity carries an entry stating that it could not be contacted at its registered domicile or place of business (通过登记的住所或者经营场所无法联系的), Exhibit C reports that entry together with its date, the issuing authority, and whether the entry has been removed. Those entries are findings published by the Chinese authorities. They are not my characterization of the address.

13. For every Defendant whose registry record showed a candidate entity at or near the disclosed address, I directed a second round of verification. Each such entity was re-run against five further Tianyancha datasets: 严重违法失信 (serious violations and dishonesty), 历史经营异常 (historical abnormal operation), 简易注销 (simplified deregistration), 变更记录 (change history), and 企业年报 (annual reports, including the postal address the entity itself reports),

together with 双随机抽查 (random inspection) records. Each candidate address was then independently researched against publicly available map, real-estate, and registry-aggregator sources to determine what physically occupies it. As a result of that second round, several Defendants initially assessed as having a usable registered address were reassessed, on the ground that the address is a numbered slot in a mass-registration scheme or is occupied by an unrelated business.

14. Exhibit C to this declaration is a true and accurate summary, prepared at my direction and reviewed by me, of the registry search term, its origin, the match count, the entity or entities returned, the registered address of record, the address comparison, and the abnormal-operation and status findings for each of the thirty-seven Defendants against whom Plaintiff moves. The underlying data output of these searches has been preserved.

**Findings**

15. Based on the investigation described above, and as set out Defendant by Defendant in Exhibits A and C, I have concluded that the address of each of the thirty-seven Defendants against whom Plaintiff moves is not known. For twenty of them the registry places the matching entity in a different district, city, or province from the address disclosed. For seven, the Chinese market supervision authorities have themselves recorded, on a current and unremoved basis, that the entity cannot be reached at its registered address. For five, the matching entity has been cancelled or its license revoked. For nine, the disclosed romanized name resolves to multiple distinct registered entities with identical pinyin and none of the candidates examined is registered at the disclosed address. For four, the only address the registry supplies is a numbered workstation or mail slot in a documented mass-registration scheme, or the premises of a different, named company. For seven, the verbatim disclosed name returns no registered entity at

all, or the entity returned carries no registered address. These grounds overlap, and several Defendants fail on more than one; the complete basis for each Defendant is stated in Exhibits A and C.

16. I further state that the addresses the Defendants provided to the marketplaces are not legitimate business or mailing addresses at which these Defendants can be located and served. In each instance Plaintiff obtained the address the Defendant put forward and then tested it against independent map resources and against the Chinese corporate registry, and in each instance the address could not be verified as a real, usable location connected to that Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 31, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*